IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2020

## KELVIN A. LEE v. SHAWN PHILLIPS, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 19-CR-10659    R. Lee Moore, Jr., Judge**

_____

### No. W2019-01634-CCA-R3-HC

_____

The Petitioner, Kelvin A. Lee, appeals as of right from the Lake County Circuit Court's summary dismissal of his petition for writ of habeas corpus, in which he contended that his life without parole sentence for his first degree felony murder conviction was illegal because it was imposed for a crime he committed as a juvenile. The Petitioner contends that the petition stated a cognizable claim for habeas corpus relief. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Kelvin A. Lee, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Brent C. Cherry (on petition) and Clark B. Thornton (on appeal), Senior Assistant Attorneys General, for the appellee, State of Tennessee.

### OPINION
FACTUAL BACKGROUND

After being transferred from juvenile court, the Petitioner pled guilty to first degree felony murder in criminal court in 1995. See Tenn. Code Ann. § 39-13-202. The facts underlying the offense are as follows: On the afternoon of September 17, 1994, the elderly victim was found pinned underneath his truck in the midst of a field on his farm. See State v. Kelvin Anthony Lee, No. 02C01-9603-CC-00085, 1997 WL 686258, at *2 (Tenn. Crim. App. Nov. 5, 1997), perm. app. denied (Tenn. Aug. 3, 1998). Further investigation revealed that the victim had suffered numerous gunshot wounds and that his body had been run over and crushed by the pickup truck. Id. Evidence at the scene indicated that the

victim's body had been dragged approximately 148 feet while underneath the truck, that the body had become dislodged at one point, and that the truck backed up and ran over the body again before coming to a stop on the victim. Id. In addition, the victim's pants pockets were turned inside out and his wallet was missing. Id.

Authorities discovered bicycle tracks at the scene, which led to a nearby house where the seventeen-year-old Petitioner lived with his family. Lee, 1997 WL 686258, at *2. After questioning, the Petitioner made a full confession, admitting that he had robbed and killed the victim. Id.

Despite the Petitioner's waiver of jury sentencing, the trial court, nonetheless, declined to accept the waiver and impaneled a jury to decide punishment. Lee, 1997 WL 686258, at *2. After the conclusion of proof, the jury found that the murder was especially heinous, atrocious, or cruel, and sentenced the Petitioner to life imprisonment without the possibility of parole. Id. at *7.

On appeal of his sentence to this court, the Petitioner argued, in pertinent part, that the evidence was insufficient for the jury to apply the aggravating circumstance. Lee, 1997 WL 686258, at *11. This court disagreed and affirmed the Petitioner's sentence of life without parole, concluding that "the jury was fully justified in finding that the murder of [the victim] was especially heinous, atrocious, or cruel." Id. at *12.

The Petitioner filed post-conviction petitions in August 1999, June 2000, and May 2002. The post-conviction court dismissed each petition, and the Petitioner did not appeal.

In 2004, the Petitioner filed a petition for a writ of habeas corpus, arguing that his guilty plea was void because he was improperly transferred from juvenile court to criminal court, that the trial court and the State failed to abide by the conditions of his guilty plea, and that no underlying felony supported his conviction of felony murder. See Kelvin A. Lee v. State, No. M2004-02809-CCA-R3-HC, 2005 WL 1692952, at *1 (Tenn. Crim. App. July 20, 2005). The petition was summarily dismissed, and this court affirmed the dismissal of the petition. Id. at *1-3.

In 2013, the Petitioner filed a motion to reopen his post-conviction proceedings. See Kelvin Anthony Lee v. State, No. W2013-02366-CCA-R28-PC, slip op. at 1 (Tenn. Crim. App. Jan. 16, 2014) (Order), perm. app. denied (Tenn. May 14, 2014).[1] The Petitioner argued that Miller v. Alabama, 567 U.S. 460 (2012), established a new constitutional right that was not recognized at the time of his trial. See also Tenn. Code Ann. § 40-30-117(a)(1) (1) ("The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the

_____

[1] No Westlaw citation is available for this case.

time of trial, if retrospective application of that right is required."). The post-conviction court entered an order denying the Petitioner's request to reopen.

On appeal, this court determined that "Tennessee's sentencing scheme for juveniles convicted of first degree murder does not run afoul of Miller." Lee, No. W2013-02366-CCA-R28-PC, slip op. at 3. This court explained,

> In Miller, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 132 S. Ct. at 2460. The Court did not prohibit a sentence of life without parole for all juveniles convicted of murder. Id. at 2469. Rather, the sentencer must consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id. A judge or jury must have the opportunity to consider mitigating circumstances before sentencing a juvenile to life without parole. Id. at 2475.
>
> Tennessee statutes, however, do not mandate a sentence of life without parole when a defendant is convicted of first degree murder for acts committed as a juvenile. Rather, the juvenile may be sentenced to either life or life without parole. Tenn. Code Ann. §§ 39-13-202(b), -207. A juvenile is not eligible for the death penalty. Tenn. Code Ann. § 37-1-134(a)(1). If the State seeks a sentence of life without parole, a separate sentencing proceeding must be held during which a jury must determine whether to impose a sentence of life or life without parole. Tenn. Code Ann. § 39-13-207(a). The jury "shall weigh and consider the statutory aggravating circumstance or circumstances proven by the [S]tate beyond a reasonable doubt and any mitigating circumstance or circumstances." Tenn. Code Ann. § 39-13-207(d). Mitigating circumstances include the defendant's youth at the time of the offense. Tenn. Code Ann. § 39-13-204(j)(7).

Id., slip op. at 2-3.

Accordingly, this court denied the Petitioner permission to appeal because the Petitioner had failed to satisfy any of the grounds for reopening a post-conviction petition. Our supreme court declined to review this decision.

In 2018, the Petitioner filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. See State v. Kelvin Anthony Lee, No. W2018-00827-CCA-R3-CD, 2019 WL 369275, at *2 (Tenn. Crim. App. Jan. 30, 2019). In the motion, he argued that his sentence of life without parole violated Miller v. Alabama,

567 U.S. 460, 132 S. Ct. 2455 (2012), and <u>Montgomery v. Louisiana</u>, 577 U.S. ---, 136 S. Ct. 718 (2016), regarding mandatory sentences of life without parole for juvenile offenders; violated <u>Moten v. State</u>, 935 S.W.2d 416 (Tenn. Crim. App. 1996), regarding a trial court's duty to conduct a hearing to determine a defendant's competence to enter a guilty plea; and was imposed in contravention of Tennessee Code Annotated section 39-13-204(j) because the trial court failed to instruct the jury that it must also consider any statutory mitigating circumstances in determining his punishment. <u>Lee</u>, 2019 WL 369275, at *2. The trial court summarily denied the motion. <u>Id.</u>

On appeal, this court addressed the Petitioner's <u>Miller</u> and <u>Montgomery</u> claim that his sentence of life without parole was unconstitutional and determined that the Petitioner's sentence was not illegal for purposes of Rule 36.1. In so holding, this court reasoned as follows:

> [T]he United States Supreme Court held in <u>Miller</u>, 567 U.S. at 470, that a mandatory sentence of life without the possibility of parole for a juvenile offender violates the United States Constitution's Eighth Amendment prohibition against cruel and unusual punishment. The Court did not hold in <u>Miller</u>, though, that a juvenile could never be sentenced to life without the possibility of parole. <u>Charles Everett Lowe-Kelley v. State</u>, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *9 (Tenn. Crim. App. Feb. 24, 2016) (citing <u>Miller</u>, 132 S. Ct. at 2469). Instead, the court required "a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty." <u>Miller</u>, 567 U.S. at 483; see <u>Cedrick Dickerson v. State</u>, No. W2013-01766-CCA-R3-PC, 2014 WL 3744454, at *5 (Tenn. Crim. App. July 28, 2014) (holding that defendant's sentence of life without parole did not run afoul of <u>Miller</u> when the record demonstrated that the trial court "provided the exact consideration that the Supreme Court called for in <u>Miller</u>"). In <u>Montgomery</u>, 136 S. Ct. at 729, the court determined that <u>Miller</u> should be applied retroactively.
>
> Turning to the instant case, although the [Petitioner] was seventeen years old when he killed the victim, his sentence of life without parole was authorized by statute at the time of the offense. Therefore, his claim under <u>Montgomery</u> is not a proper basis for relief under Rule 36.1. See <u>State v. Sammie Lee Taylor</u>, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016) (holding that defendant's claim under <u>Miller</u> was not a proper basis for relief under Rule 36.1).

<u>Lee</u>, 2019 WL 369275, at *3. Finding this issue to be without merit, as well as the Petitioner's other issues, this court affirmed summary dismissal of the Petitioner's Rule 36.1 motion.

- 4 -

On August 1, 2019, the Petitioner filed the instant petition for writ of habeas corpus, alleging again that his sentence of life without the possibility of parole was illegal, its being unconstitutionally imposed in violation of the holdings of Miller and Montgomery. The Petitioner first noted that "[a]lthough Miller did not foreclose a sentencer's ability to impose life without parole on a juvenile the Court explained that a lifetime in prison is a disproportionate sentence for [all] but the rarest of children, those whose crimes reflect 'irreparable corruption.'" Montgomery, 136 S. Ct. at 726 (quoting Miller, 132 S. Ct. at 2460). The Petitioner then extrapolated,

> because no evidence was presented and no finding was made that[] the Petitioner is not capable of change, not capable of rehabilitation and/or that his crime reflects "irreparable corruption," which is the [only] time a sentence of life without the possibility for parole can ever be imposed upon a juvenile defendant, . . . his 1995 judgment imposing a sentence of life without the possibility of parole is unconstitutional, unauthorized by law and is for all points and purposes illegal and void.

The Petitioner surmised that his 1995 sentence of life imprisonment without the possibility of parole was violative of the Eighth Amendment and that the writ of habeas corpus was the appropriate vehicle to provide him with the relief sought.

Relative to the procedural requirements for seeking habeas corpus relief, the Petitioner indicated that this was his second petition for habeas corpus relief. He cited to the issues raised in the first petition, and although he did not attach a copy of the petition itself, he attached a copy of this court's opinion on direct appeal. He also attached a copy of his judgment form to the petition.

On August 12, 2019, the habeas corpus court entered a written order summarily dismissing the petition. First, relative to habeas corpus procedural requirements, the court noted that the Petitioner had failed to attach a copy of his previous habeas corpus petition, as well as the court's order of dismissal in that case. See Tenn. Code Ann. § 29-21-107(d) (requiring an affirmation in the petition whether the application is a first application for the writ, and if not, a copy of any previous petition and proceedings, "or satisfactory reasons be given for the failure so to do"). The habeas corpus court then indicated that "the issue of constitutionality of the sentence should have been raised on" direct appeal. Next, the court concluded that the Petitioner's sentence "ha[d] not expired nor [was] it void," accordingly, the Petitioner had failed to state a cognizable claim for relief. The Petitioner filed a timely appeal.[2]

---

[2] As the Petitioner notes in his brief, the dismissal order was entered before the State filed a motion to dismiss the petition on August 16, 2019.

ANALYSIS

On appeal, the Petitioner contends that the habeas corpus court erred in determining that his claim under Miller and Montgomery was not cognizable for habeas corpus relief. The Petitioner cites to a multitude of caselaw from other states in support of his contention that the writ of habeas corpus is the proper vehicle for the relief he seeks. He concludes that his life without the possibility of parole sentence is not authorized by either the Tennessee or United States Constitutions, as it is violative of the Eighth Amendment, being imposed for a crime he committed while he was a juvenile.

The State responds that summary dismissal was proper because the Petitioner's constitutional claim, even if true, would not render the judgment void. In addition, the State asserts that the Petitioner's same claim has been addressed and rejected twice in different proceedings and is barred by collateral estoppel.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and, thus, void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers, 212 S.W.3d at 262.

Although a habeas corpus court is permitted to summarily dismiss a petition for failure to comply with the statutory procedural requirements or to provide a petitioner an opportunity to comply with the requirements, the court "may properly choose to adjudicate the petition on the merits." Hickman, 153 S.W.3d at 21. Here, though the habeas corpus

- 6 -

court considered the procedural requirements for seeking habeas corpus relief,[3] the court gave no indication that it was dismissing the writ for this procedural deficiency and addressed the merits of the Petitioner's claim.

Nonetheless, we shall not tarry long over addressing the Petitioner's claim that his sentence is unconstitutional pursuant to Miller and Montgomery. First, the State correctly observes that even if true, this would render his judgment voidable, not void. See Hickman, 153 S.W.3d at 19-20 (articulating the difference between petitions for habeas corpus, which may attack void sentences imposed in contravention of statute, and post-conviction petitions, which attack sentences that are void or voidable "because of the abridgement of constitutional rights"). As noted in the opinions above from this court, the Petitioner's sentence of life without parole was authorized by statute at the time of the offense.

Moreover, the merits of this issue have twice been addressed by this court and found to be without merit, albeit in the contexts of a motion to reopen a post-conviction petition and a Rule 36.1 motion. While issued in separate contexts, the rationale underlying those decisions is sound and applicable here. Specifically, in the context of a Rule 36.1 motion, this court previously determined that the Petitioner's sentence was not illegal under Miller and Montgomery. Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." State v. Wooden, 478 S.W.3d 585, 594-95 (Tenn. 2015). Thus, the State correctly notes that the doctrine of collateral estoppel applies here. See, e.g., State v. Donaven Brown, No. W2017-02532-CCA-R3-CD, 2018 WL 2966954, at *2 (Tenn. Crim. App. June 8, 2018) (holding that the exact claim of an illegal sentence was previously litigated in the petitioner's habeas corpus petition and that the doctrine of collateral estoppel prevented the court from revisiting the issue in the Rule 36.1 motion context).

Again, we observe that the Petitioner's sentence of life without parole was not mandatory and was not imposed automatically like the mandatory sentencing schemes held unconstitutional in Miller. Instead, the Petitioner was sentenced by a jury to life without parole only after a sentencing hearing at which he was permitted to present mitigation evidence, see Tennessee Code Annotated section 39-13-204(c), including evidence that emphasized his youth, immaturity, and expert testimony regarding his mental health and intellectual capacity, see Lee, 1997 WL 686258, at *5-7. This court has consistently held that this procedure was sufficient to protect the Petitioner's constitutional rights in light of the expanded reading of Miller offered in Montgomery. See Jacob Brown v. State, No. W2015-00887-CCA-R3-PC, 2016 WL 1562981, at *7 (Tenn. Crim. App. Apr. 15, 2016). See also Jason Blake Bryant v. Tony C. Parker and Kevin Genovese, No. 2:17-CV-00097-

---

[3] The State noted in its appellate brief that the Petitioner, in the instant petition, did outline the issues raised in the first petition and attached this court's opinion affirming the denial of habeas corpus relief.

JRG-CRW, 2020 WL 61092, at *8-13 (E.D. Tenn. Jan. 6, 2020) (the Eastern District of Tennessee finding in the federal habeas corpus context that the petitioner's <u>Miller</u> claim failed on its merits).  We agree with the habeas corpus court that the Petitioner has failed to state a cognizable claim for relief.

CONCLUSION

Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition.  The judgment of the habeas corpus court is affirmed.


_____
D. KELLY THOMAS, JR., JUDGE